**UNITED STATES v. CUFARI.**
Civ. A. 53814.

United States District Court,
D. Massachusetts.

May 6, 1954.

Anthony Julian, U. S. Atty., Charles F. Choate, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Joseph J. Gottlieb, Boston, Mass., for defendant.

WYZANSKI, District Judge.

This is an action brought under the act of June 27th, 1952, 66 Stat. 260, 8 U. S.C.A. § 1451, for the revocation of an order admitting Cufari to citizenship and for the cancellation of his certificate of naturalization on the ground that such order and certificate were procured by concealment of a material fact and by willful misrepresentation.

Cufari on May 27, 1927 signed a petition for naturalization in the Superior Court for the Commonwealth of Massachusetts for Hampden County. July 25,

1927, in order to procure naturalization, he represented to the duly qualified representative of the Naturalization Service of the Department of Labor of the United States that he had never been arrested during the preceding period of five years. This is manifested by a so-called docket slip which he signed on July 25, 1927, Form 2328 of the Naturalization Service. At the time of his signature there was on that form, as he well knew, a statement that he had been subject to "no arrest". He intended to adopt that statement as his own for the purpose of deceiving first the representative of the Naturalization Service, and subsequently the Superior Court. Relying upon this statement in the docket slip, the representative of the Service presented, for approval of his naturalization, Cufari to the Court. The judge relied upon the docket slip, the representative's statement, and the subsequent silence of Cufari. As a consequence of this reliance, the Superior Court on September 21, 1927 ordered Cufari admitted to citizenship, and subsequently issued to him certificate 2641335. In fact, as defendant well knew, his statement that he had not been arrested was false in the following twelve particulars.

1. On or about January 23, 1923 said defendant was arrested at Springfield, Massachusetts, for disturbing the peace at an assembly, to which charge he pleaded guilty before the District Court of Springfield, County of Hampden, Commonwealth of Massachusetts, and was fined $5.

2. On or about February 19, 1923 said defendant was arrested at Springfield, Massachusetts, for disturbing the peace, to which charge he pleaded guilty before the District Court of Springfield, County of Hampden, Commonwealth of Massachusetts, and was fined $15.

3. On or about December 26, 1924 said defendant was arrested at Springfield, Massachusetts, on a fugitive from justice complaint arising from an assault on one Louis Helmer at Enfield, in the State of Connecticut.

4. On or about August 29, 1925 said defendant was arrested at Springfield, Massachusetts, for buying, receiving and concealing stolen property.

5. On or about August 29, 1925 said defendant was arrested at Springfield, Massachusetts, for defacing the serial number of a motor vehicle, of which offense he was found guilty by the District Court at Springfield, County of Hampden, Commonwealth of Massachusetts, and fined $125.

6. On or about September 17, 1925 said defendant was arrested at Springfield, Massachusetts, for buying, receiving, and concealing a stolen automobile.

7. On or about October 8, 1925, at Springfield, Massachusetts, said defendant was charged with being a fugitive from justice warrant arising out of alleged larceny committed in the State of Connecticut.

8. On or about November 15, 1925, at Springfield, Massachusetts, said defendant was charged with operating a motor vehicle after revocation of license, to which charge he pleaded guilty before the District Court of Springfield, County of Hampden, Commonwealth of Massachusetts, and was fined $75.

9. On or about April 1, 1926 said defendant was arrested in Westfield, Massachusetts, for operating a motor vehicle without the registration on his person.

10. On or about April 1, 1926, at Westfield, Massachusetts, said defendant was arrested for operating a motor vehicle after his right had been suspended, of which offense he was found guilty by the District Court of West Hampden, County of Hampden, Commonwealth of Massachusetts, and fined $75.

11. On or about April 1, 1926 said defendant was arrested at Westfield, Massachusetts, for transportation of liquor without a license, of which offense he was found guilty by the District Court at West Hampden, County of Hampden, Commonwealth of Massachusetts, and fined $300.

12. On or about March 1, 1927, at Springfield, Massachusetts, said defendant was charged with assault and battery on one Nettie Roque.

■ Upon the basis of the foregoing findings of fact, this Court concludes as a matter of law that Cufari procured the order of admission to citizenship and the certificate of naturalization by concealment of material facts and by willful misrepresentation.

The evidence of misrepresentation of material facts by means of Form 2328, the docket slip, is clear and convincing. Brenci v. United States, 1 Cir., 175 F.2d 90; see Schneiderman v. United States, 320 U.S. 118, 125, 63 S.Ct. 1333, 87 L. Ed. 1796.

■ If laches were relevant in a proceeding of this nature, brought by the United States, the burden of proving it would be upon defendant. Neither from him nor from any other source does it appear when the United States learned of this fraud, nor whether it moved expeditiously thereafter. So there is no factual foundation for the plea of laches. Moreover, there is no legal foundation. The Brenci case (where a delay of two decades occurred) shows that laches is not a defense in this type of proceeding brought by the sovereign.

■ Finally, the suggestion made by defendant that the Superior Court's action constituted *res judicata* and stands in the way of this Court's examination *de novo* of the Government's complaint of fraud is unsound. Such fresh examination of the question of fraud is specifically directed by the Act of Congress under which this proceeding is brought. And, despite the contention made by counsel, no constitutional issue of substance remains to be considered after the decisions in Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; and Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500.

Petition for revocation of naturalization order and certificate of naturalization granted.